**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MYRA A. PISANO,<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-2 MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-2;<br><br>AMERICAN HOME MORTGAGE SERVICING, INC.,<br><br>AMERICAN BROKERS CONDUIT, INC.;<br><br>QUALITY LOAN SERVICE CORPORATION; and<br><br>UNKNOWN DOES 1-10<br><br>    Defendants. | CASE NO. 2:09-cv-01248-FJM<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING BRIEFING SCHEDULE RE PRELIMINARY INJUNCTION** |

After considering Plaintiff's Ex Parte Application for Temporary Restraining Order ("Application") against Defendants, as well as the pleadings and declarations in support thereof, the Court FINDS as follows:

-1-

1. Plaintiff has satisfied the requirements for issuance of a temporary restraining order. Plaintiff has provided specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

2. In the absence of the issuance of a temporary restraining order, Plaintiff will suffer immediate and irreparable injury, loss, or damage to his home described as and located at 3559 E. Norwood Circle, Mesa, Arizona 85213 bearing Trustee Sale No.: 2AZ-08-218075-JB (the "Property"). This injury is immediate because the foreclosure sale for the Property is scheduled for June 17, 2009. This injury is irreparable because plaintiff will allegedly lose her home at public auction, and the opportunity to apply rescission, recoupment, and/or set-off, in a transaction governed by the federal Truth-in-Lending Act, l5 U.S.C. §§ l60l et seq.

3. Plaintiff has demonstrated at least a fair chance of success on the merits. As the balance of hardships sharply tips in Plaintiff's favor, this showing is sufficient to warrant injunctive relief.

4. This Application is granted after notice via facsimile to Defendants, through the Stockton Law Offices. No one responded on behalf of defendants.

Accordingly, it is hereby ORDERED that:

A. Defendants, Defendants' officers, agents, servants, employees, attorneys, and all those acting in concert or in participation with Defendants, are RESTRAINED and ENJOINED from:

- Proceeding with foreclosure, holding any foreclosure sale, or setting any foreclosure sale date, relating to the Property identified more particularly in Plaintiff's Application, or taking any steps to hold or consummate a foreclosure sale of the Property, or from proceeding with the recordation or filing of any new Notices of Default or Notices of Sale concerning the Property, or

- Transferring or assigning their interests, if any, in the deeds of trust "securing" the Property.

B.	This Order shall be binding on the parties to this action, as well as their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise.

C.	This Order shall be effective at 5 p.m. on the date on which a bond in the amount of five hundred dollars ($500.00) is posted with this Court. Notice having been given, this order is effective until further order of this court.

D.	The hearing on Plaintiff's Motion for Preliminary Injunction is set for Thursday, June 25, 2009 at 3:00 p.m. before Judge Frederick J. Martone in courtroom 506 of the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, AZ 85003. Defendants' opposition to the Motion for Preliminary Injunction shall be filed on or before June 18, 2009. Plaintiff's reply to the Motion for Preliminary Injunction shall be filed on or before June 22, 2009.

E.	Plaintiff shall serve this Order, together with the annexed Application, Declarations, and Memorandum of Law, on all Defendants by June 15, 2009.

Plaintiff shall e-file proofs of service of this Order by June 23, 2009. Failure to serve this Order on all Defendants by June 15, 2009 will result in the Motion for Preliminary Injunction being taken off calendar.

Dated this 12th day of June, 2009.

_____
Frederick J. Martone
United States District Judge