1  **WO**

2

3

4

5                          **NOT FOR PUBLICATION**

6                  IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Myra A. Pisano,                    )   No. CV-09-1248-PHX-FJM
                                        )
10              Plaintiff,              )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    American Home Mortgage Servicing, Inc.;)
13  Deutsche Bank National Trust Company;)
    American Brokers Conduit, Inc.; Quality)
14  Loan Service Corporation,           )
                                        )
15              Defendants.             )
                                        )
16  _____)

17

18
        The court has before it defendants' motion to dismiss (doc. 22), plaintiff's response
19
    (doc. 23), and defendants' reply (doc. 25). We also have before us plaintiff's motion to strike
20
    defendants' reply (doc. 26), and defendants' response (doc. 27).
21
        Plaintiff asserts claims under the Truth in Lending Act, 15 U.S.C. § 1601, et seq., as
22
    a defense to a non-judicial foreclosure of her principal residence. She claims that defendants
23
    solicited her to refinance her home, improperly qualified her for a loan, and extended credit
24
    without properly disclosing the credit terms and otherwise failing to comply with the
25
    disclosure requirements of the Truth in Lending Act. She also asserts state law claims of
26
    breach of contract, breach of implied covenant of good faith and fair dealing, breach of
27
    fiduciary duty, defamation, civil conspiracy, and negligent infliction of emotional distress.
28

Defendant Deutsche Bank National Trust Company is the current trustee of the deed of trust encumbering the property and defendant American Home Mortgage Servicing, Inc., is the current loan servicer for the note and deed of trust (collectively, "Movants"). Movants now ask us to dismiss the complaint with prejudice, to expunge the notice of *lis pendens*, and to dissolve our order granting injunctive relief (doc. 11), arguing that plaintiff has failed to state a claim against them in accordance with Rule 12(b)(6), Fed. R. Civ. P. They argue that "all of the claims and facts alleged in the complaint relate to loan origination," Motion at 2, and that, because neither Deutsche Bank Trust, nor American Home Mortgage was involved with the loan origination, they are not proper parties to this lawsuit.[1]

In addition to raising claims related to the loan origination, however, plaintiff also raises claims related to incidents that occurred after the loan was in place. In her claims for negligent misrepresentation (count 2), breach of fiduciary duty (count 5), and defamation (count 7), plaintiff alleges that defendants advised her to stop making loan payments as a prerequisite to creating a hardship qualification for a government-subsidized loan program, thereby inducing her to default on her loan. She alleges that defendants then reported her late payments to the major credit bureaus. Moreover, the Truth in Lending Act provides that any claim for violation of the Act that may be brought against a creditor may also be maintained against any assignee of such creditor "if the violation [of the Act] is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a).

Movants ignore plaintiff's response and instead argue for the first time in their reply that (1) the Truth of Lending claims should be dismissed for lack of merit; (2) the defamation, emotional distress, and civil conspiracy claims should be dismissed for pleading defects; and (3) the remaining tort and contract claims should be dismissed for lack of privity. Plaintiff moves to strike Movants' reply or alternatively seeks leave to file a

---

[1]Defendant American Brokers Conduit, Inc., is alleged to be the mortgage company that originally processed the loan application and funded the loan. American Brokers Conduit and defendant Quality Loan Service Corporation do not join the present motion to dismiss and have not otherwise responded in this case.

surreply, arguing that we should not consider issues raised for the first time in a reply brief. Generally, however, a motion to strike under Rule 12(f), Fed. R. Civ. P., is limited to pleadings under Rule 7(a), Fed. R. Civ. P., (and not papers under Rule 7(b), Fed R. Civ. P.), or a filing "prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Instead, the remedy here is that we will not consider issues raised for the first time in a reply. <u>Gadda v. State Bar of Cal.</u>, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

Based on the foregoing, we conclude that the sole argument presented in Movants' motion to dismiss—that they are not proper parties to this action because plaintiff's claims relate solely to the loan origination—is without merit.

**IT IS ORDERED DENYING** Movants' motion to dismiss (doc. 22), and **DENYING** plaintiff's motion to strike (doc. 26).

DATED this 18th day of August, 2009.

_____
Frederick J. Martone
United States District Judge